IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNDARI K. PRASAD,**

    Plaintiff,

v.                                                         Civil Action No. **3:17CV446**

**GOTHIC BEAUTY MAGAZINE,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to *Bivens*.[1] By Memorandum Order entered on October 31, 2017, the Court directed Prasad to file a particularized complaint. (ECF No. 9.) Thereafter, Prasad filed a Particularized Complaint (ECF No. 10), which is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must

"allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Particularized Complaint

The action proceeds on Prasad's Particularized Complaint (ECF No. 10). In her Particularized Complaint, Prasad states "[t]his is a Bivens suit – so I referenced unknown agents – Defendants specifically [are] . . . the magazine 'Gothic Beauty' which I have advertised with . . . ." (*Id.* at 1.) The Court, therefore, construes Prasad to allege a *Bivens* action against "Gothic Beauty" magazine and unknown agents of "Gothic Beauty" magazine.

In the October 31, 2017 Memorandum Order directing Prasad to file a particularized complaint, the Court explained as follows:

> Plaintiffs current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).[] Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize her complaint in conformance with the following directions and in the order set forth below:
>     a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:17CV446."
>     b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts

3

giving rise to her claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

  c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

(ECF No. 9, at 1–2.) Prasad's Particularized Complaint fails to comply with the directives of the October 31, 2017 Memorandum Order. Prasad did not include a list of defendants in the first paragraph of her Particularized Complaint, set forth legibly a short statement of the facts in separately numbered paragraphs, nor adequately explain why Defendants "Gothic Beauty" magazine and its unknown agents are liable to her. (*See* Part. Compl. 1–6.) Instead, Prasad's Particularized Complaint is a rambling narrative that fails to outline any claims for relief. To the best of its ability,[2] the Court sets forth Prasad's allegations as follows:

> The statute, rule on case that authorizes this specific action mainly is the First Amendment[.[3]] . . . [A]nd in addition, I will also reference the Constitution of [Virginia], Article I [of the] Bill of Rights which mirrors USC [1]st Amendment. . . .
> This is a Bivens suit – so I referenced unknown agents – Defendants specifically [are] . . . the magazine 'Gothic Beauty' which I have advertised with, sent multiple submissions in to for photographic inclusion as a model of color and been vilified and excluded due to racism and ostracized due to racism, sectarianism and exclusion, and also sent book submissions in to several times

---

[2] The Court omits the emphasis and corrects the spelling, capitalization, and punctuation in the quotations from Prasad's Particularized Complaint. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. In some instances, Prasad's Complaint is not legible. The Court makes its best attempt to decipher these words.

[3] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

4

that have been virtually ignored if not thrown in the trash for the same reasons. My last advertising effort was mangled and foibled as it was badly blurred when I sent it in to graphical standard and paid a graphic artist (my ex-boyfriend) to do so. They published it smaller than what I had paid for – again – blurry and unreadable – did not refund me at all nor offer me a reprint, and thus maligned my business image [and] book as well.

As far as modeling submissions – I am and have been the first great model "gothic" of color (besides one other) to grace the internet aka: "Bloodsyster" and I have submitted umpteen times quality photos both agented and non-agented. Each time I am refused for reasons that I am not "gothic standard" meaning I am "not white" as it was explained to my agent in a really heated discussion.

Gothic Beauty (i.e. "white beauty") has never by history had a tradition of allowing any ethnic models to grace its pages. No African Americans, Asians, Mexicans, Latinas, aborigines, etc. who are all "goths" or of goth culture (as "goth" truly is a culture not a "beauty" standard – which, in itself if a racist title!) – have ever really been featured as models, clothiers etc. Where is adequate representation? Where is equal representation of this country's "melting" pot? (Question – isn't the "pot" black?) The magazine segregates – which is unconstitutional – its separatist – which is unconstitutional. The same goes for any magazine that does not represent the beauty . . . of "our" (Americas not Amerikkka's) ideas and culture of America. If it is a historical magazine then it needs to be classified as such and talk about Victorian culture – as they tried to argue before – but there were Chinese Victorians, Moor Victorians, Japanese Victorians, as well as White Victorians!

Is it a celebration of a time period or era when African Americans were not irrelevant, that Gothic Beauty would like to argue? Then it's a celebration of racism – and a violation of 13th Amendment[4] as well.

Will "Gothic Beauty" (i.e. "white beauty") then put out a "special edition" that will only be featured once to put an end to the . . . cultur[al] civil rights drama? No amount of special edition[s] . . . can fix the years of stigma that the magazine has already inflicted – eternal inclusion is a necessary panacea – segregation ended in the 1950's including in the media. Free speech is not hate speech, and includes the media. Free speech is allowed – as long as individuals are held accountable for the abuse of that right. Culture is a fabric – a tapestry. It is therefore not just one color – it is many.

So is beauty.
What is gothic?
Is it racist?
We have to look at our standard of beauty.
"Gothic Beauty" screams "racist" by example of treatment and attitudes toward others of exclusion [and] past example.

---

[4] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

> What is the American standard of beauty? What is this magazine saying about (the) US? Racist, exclusionist, separatist, bigoted.
>
> "Gothic beauty" therefore goes against the 9th Amendment[5] by removing ethnicity/ethnic rights by exclusion from the magazine of African Americans by being featured as models – I don't mean simple ads either. African Americans are not even considered. "Gothic Beauty" does not even give 10th Amendment[6] rights either as the powers that were reserved to "the people" have been denied due to discrimination. By the government allowing the magazine to subsist on [government] funds – it is governmental discrimination on the basis of race, color [and] national original, and violates the Bill of Rights as well.

(Part. Compl. 1–5.)

Prasad then requests, *inter alia*, "declaratory, injunctive, and monetary relief," and "renaming of the magazine so as not to be culturally exclusive/socially more aware [and] encompassing of all standards of 'gothic' beauty during the era/Victorian period." (*Id.* at 5.)

### III. Analysis

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe pro se complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words,

---

[5] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

[6] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

"[d]istrict judges are not mind readers . . . . [and] they cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278. It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although Prasad's Complaint has many legal infirmities, it ultimately will be dismissed as legally frivolous and for failure to state a claim.

In order to state a viable claim under *Bivens*, a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09CV115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)), *aff'd per curiam*, No. 10–6798, 2011 WL 3664279, at *1 (4th Cir. Aug. 22, 2011). "Therefore, in order to state a viable *Bivens* claim, [Prasad] must set forth a statement that indicates a federal official violated a specific constitutional right." *James v. ServiceSource, Inc.*, 555 F. Supp. 2d 628, 639 (E.D. Va. 2008). Prasad's Particularized Complaint wholly fails to allege facts indicating that "Gothic Beauty" magazine and its agents are individual federal actors. To the extent that Prasad bring this action against "Gothic Beauty" magazine, a private company, the Supreme Court has made clear that "[t]he purposes of *Bivens* is to deter *individual federal officers* from committing constitutional violations." *Id.* (alteration in original) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001)). Prasad fails to state a claim for relief under *Bivens* against "Gothic Beauty" a private entity. *Id.*; *see Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) (refusing to find defendant tobacco companies are federal actors).

7

With respect to "Gothic Beauty" magazine's agents, Prasad fails to allege, and the Court fails to discern, how these individuals are federal government actors or how their actions could be "'fairly attributable' to the federal government." *Holly v. Scott*, 434 F.3d 287, 291–92 (4th Cir. 2006) (refusing to extend *Bivens* liability to an employee of a privately operated prison) (quoting *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982)). Accordingly, Prasad fails to state a *Bivens* claim against "Gothic Beauty" magazine and its agents. Prasad's claims and the action will be DISMISSED.

### IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: **APR 1 8 2018**
Richmond, Virginia

8