IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNDARI K. PRASAD,**

    Plaintiff,

v.                                           Civil Action No. **3:17CV446**

**GOTHIC BEAUTY MAGAZINE,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se*, filed this civil rights action. By Memorandum Opinion and Order entered on April 18, 2018, the Court dismissed the action as legally frivolous and for failure to state claim. (*See* ECF Nos. 11, 12.) The matter is now before the Court on Prasad's "Motion to Rehear" that will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 13).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

---

[1] The Court employs the pagination assigned to Prasad's Rule 59(e) Motion by the CM/ECF docketing system.

(3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Prasad does not explicitly address any of the above recognized grounds for relief in her Rule 59(e) Motion. However, the Court construes Prasad to argue that the Court should grant her Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081. Prasad contends that, because the Honorable M. Hannah Lauck recused herself in one of Prasad's many civil actions filed in this Court, that she necessarily must recuse herself in this action. Prasad points to no persuasive authority that would support her position, and contrary to her suggestion, that is simply not required. The Judge Lauck recused herself from presiding over the action, *Prasad v. State of Va.*, No. 3:17CV686 (E.D. Va.), ECF No. 16, because Prasad named Judge Lauck as a defendant in that particular action.

Prasad also argues that in the April 6, 2018 Memorandum Order, *see id.*, Judge Lauck instructed the Clerk to reassign all of Prasad's pending actions to a different judge. (*See* ECF No. 13–2, at 1.) This is simply not true and reflects a misreading of the Memorandum Order by Prasad. *See Prasad v. State of Va.*, No. 3:17CV686 (E.D. Va.), ECF No. 16.

Moreover, the bar for recusal is high, as "courts have only granted recusal motions in cases involving particularly egregious conduct." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). Contrary to Prasad's belief, unfavorable "judicial rulings alone almost never constitute a valid basis for bias" or a valid reason to demand recusal of a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Prasad has not demonstrated that Judge Lauck harbors any bias against Prasad or any circumstance where the impartiality of Judge Lauck might

reasonably be questioned. *See* 28 U.S.C. §§ 144,[2] 455.[3] Accordingly, the Court discerns no clear error of law or manifest injustice in the dismissal of Prasad's Complaint. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 13) will be DENIED.

On May 2, 2018, the Court received a new Complaint from Prasad in this closed action. (ECF No. 14.) Prasad suggests that the Magistrate Judge should provide advice on whether this new Complaint should be added to an entirely different case. (*Id.* at 1.) The Court will not provide Prasad with legal advice. Moreover, the Court dismissed the instant action because her claims were legally frivolous, and her new, rambling, nearly incomprehensible Complaint fails to alter that conclusion. For, the first time in this new Complaint, Prasad also names Judge Lauck as Defendant. Prasad's attempt to add Judge Lauck as a defendant is abusive and taken in bad

---

[2] The statute provides, in relevant part:

> Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

[3] The statute provides, in relevant part:

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> **(b)** He shall also disqualify himself in the following circumstances:
>   **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

faith simply because Prasad does not like the disposition of her meritless action. No further action will be taken on Prasad's Complaint in this closed action.

An appropriate Order shall issue.

Date: 5/4/18
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

4